No. 14,941.

HONSKA *v.* DENNING.
(127 P. [2d] 279)

Decided June 15, 1942.

Mr. DAVID BROFMAN, for plaintiff in error.

Mr. WILLIAM W. GAUNT, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

T. J. DENNING, defendant in error, plaintiff below, brought a money demand action against E. R. Honska, plaintiff in error, and one Montgomery, both of whom were defendants below, to recover $945 alleged to be

due for services performed in the plowing and preparing of about 200 acres of land for the sowing of grain, under an oral three-year lease from Honska. Denning, being barred from completing the work under the terms of his agreement through the action of Montgomery, who, at the time and unknown to him, held a lease on the land from Honska, sought recovery for the work and labor performed. The matter was first tried in the county court without a jury· and Denning recovered judgment in the sum of $784 and costs. An appeal w.as taken to the district court by Honska only, where the matter was submitted to a jury. There a verdict was returned in favor of Denning in the sum of $882, and appropriate judgment was duly entered. Honska seeks reversal on a writ of error. Reference will be made to the parties as they appeared in the trial court, or by name.

Honska's counsel admits that Denning performed the services and that he should be paid therefor, but contends: 1. That at the time Honska leased the premises to Denning he, Honska, was acting as administrator de bonis non of his mother's estate, and hence could not be personally liable for his acts and doings in connection with the estate. 2. That all of the issues of fact were not submitted to the jury.

1. It is true that at the time the lease or agreement for work to be performed was entered into between Honska and Denning, the former was acting as administrator, but the estate was closed about two weeks after Denning moved onto the land and his official status as administrator thereupon terminated. While Denning entered upon the premises and commenced operations April 9, 1938, most of the work he performed, and the benefit resulting therefrom, was subsequent to the closing of the estate on April 26th. Denning testified that Honska "never told me anything about being an administrator." The estate was divided equally among four sons, but the record shows that this

defendant purchased the interests of his brothers, so apparently at the time of the transaction with Denning he was the sole owner of the land here involved. The legal principle upon which Honska relies and for which his counsel contends is, that he is not personally liable, because the lease was entered into for the benefit of the estate; however, he admits that the rule of personal liability applies unless the services rendered were for its benefit. 21 Am. Jur. 555. It thus appears that the principal question here to be determined is whether the lease or agreement with Denning was made for the estate, or for Honska's personal benefit. We are of the opinion that it was for Honska personally. As already indicated, the lease was entered into in March, 1938, while Honska was still acting as administrator, but the record discloses no compliance with the law which requires that leases of estate property shall be authorized and approved by the county court ('35 C.S.A., c. 176, §127), and the fact that the estate was closed within about a month after the deal with Denning was made would indicate that Honska never intended the lease to be for the benefit of the estate. That being true the exception to the rule is not applicable, and personal liability attaches to Honska.

▮ 2. Under the situation disclosed by the record the trial court did not err in refusing to submit all disputed facts to the jury. The contention here of counsel for Honska, is that the question of his acting for the benefit of the estate and the matter of the surrendering of the Montgomery lease should have been submitted to the jury. In answer we say: (a) That it is very doubtful if there was any evidence which should have been submitted to the jury on either of these propositions, because, from Honska's admissions in his pleadings, the court was fully authorized to determine, as a matter of law, whether Honska was acting for the benefit of the estate, and whether the lease to Montgomery, apparently valid and never surrendered, was binding upon Honska,

as indeed it was, because he accepted the fruits of it. (b) The parties entered into the following stipulation at the trial in the county court, which, so far as the record discloses, also was followed in the district court: "It is stipulated in open court between respective counsel that the only question at issue is the amount due plaintiff from both defendants by reason of services performed as set forth in the complaint—all other matters having been disposed of by above stipulation."

This "only question" was submitted to the jury on instructions which are not challenged or criticized.

Since Honska received all of the benefits from the work and labor which it is admitted was performed by Denning, no good reason is advanced, and we know of none, why he should not be held responsible for the payment of the amount of money which the jury, by its verdict, awarded to plaintiff.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE HILLIARD concur.

MR. JUSTICE BOCK concurs in the result.